**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAAIYAH MANNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-CV-1019 |
| | ) | |
| STATE OF ARIZONA; MARICOPA COUNTY ADULT PROBATION, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Presently before us is Plaintiff Daaiyah Manning's application to proceed *in forma pauperis* and motion for appointment of counsel. Manning brings the underlying action against the State of Arizona and the Maricopa Country Adult Probation ("MCAP").

**ANALYSIS**

**I. Application to Proceed** *in Forma Pauperis*

Before granting leave to file *in forma pauperis*, we must first determine whether or not Manning is indigent. 28 U.S.C. § 1915(a)(1). We must also conduct an initial review of her complaint and dismiss the action if we find that: (1) it is frivolous or malicious; (2) it fails to state a claim on which relief may be granted; or (3) it seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). As to the second factor, failure to state a claim, we apply the test for dismissal under Rule 12(b)(6), which requires "that a complaint contain 'enough facts to state a claim that is plausible on its face.'" *Moore v. F.B.I.*,

1

No. 07-1294, 2008 WL 2521089, at *1 (7th Cir. June 25, 2008) (quoting *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *see also George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007).

In support of her allegation of poverty, Manning submitted the required financial affidavit. She states that she is not currently employed and has not been employed since 2008. (Aff. ¶ 2.) She states that she receives $4,000 per year in Social Security and through a pension. (*Id.* ¶ 4.) She further declares that she has no additional sources of income, no assets, and no bank accounts containing more than $200. (*Id.* ¶¶ 4–7.) Manning indicates that she leases a vehicle, in which she has no equity, for $485 per month. (*Id.* ¶ 8.) She further claims that she is responsible for the care of her daughter and three grandchildren. (*Id.* ¶ 10.) The federal poverty guidelines establish different thresholds for indigency based on family size. The threshold for a family of five living in the continental United States is $26,000. *See* Health & Human Services 2011 Poverty Guidelines, *available at* http://aspe.hhs.gov/poverty/11poverty.shtml. Accordingly, Manning's annual income is under the poverty guideline, and we assume her allegation of poverty to be true.

However, we deny Manning's application and dismiss her complaint for two reasons. First, the claims against the State of Arizona fail because they seek damages from a defendant who is entitled to immunity. The Supreme Court and the Seventh Circuit have held that the Eleventh Amendment bars an action in federal court against a state, unless the state consents to suit in federal court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908 (1984); *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992). The State of Arizona has not waived its immunity by consenting to suit in federal court and Congress has not

expressly abrogated Arizona's immunity through its own action. *Id.* Moreover, while Manning is seeking to "enjoin Defendants from further retaliating," she does not seek prospective equitable relief pursuant to *Ex Parte Young*, 209 U.S. 123, 159–60, 28 S. Ct. 441, 454 (1908). Accordingly, all claims against the state are dismissed.[1]

Second, Manning alleges that MCAP deprived her of her liberty in violation of her rights protected by the First Amendment. (Compl. ¶ 140.) She brings these claims pursuant to §§ 1983 and 1985. Because Manning is proceeding *pro se*, we have a responsibility to construe her complaint liberally. *Donald v. Cook City Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). Nonetheless, the § 1983 claim fails. Even assuming MCAP is a proper defendant in a § 1983 action, to succeed in this claim Manning must show that MCAP's official policy or custom lead to the violation of her constitutional rights. *See Monell v. Dep't of Social Security*, 436 U.S. 658, 690, 98 S. Ct. 2018, 2036 (1978) ("[T]he touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution.") Manning fails to allege any facts that could allow us to find that MCAP had an official custom or policy that lead to the deprivation of her rights.

Similarly, the conspiracy claim fails. "A complaint must contain more than mere conclusory allegations of conspiracy; a factual basis for such allegations must be provided." *Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992); *see Ryan v. Mary Immac. Queen Ctr.*, 188 F.3d 857 (7th Cir. 1999) (affirming dismissal of conspiracy charges because bare allegations did not satisfy Rule 8). After carefully reviewing the complaint, we hold that

---

[1] In addition, to the extent that Manning alleges claims pursuant to § 1983, the Supreme Court has made clear that the state is a not a "person" under the statute. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989).

Manning's conspiracy allegation is too vague and conclusory to state a claim. Manning summarily states that the defendants "did conspire to deprive Plaintiff of her liberty." (Compl. ¶ 140.) However, there are no factual allegations tying MCAP's conduct to conduct by the state. Rather, Manning claims that MCAP "consistently changed the terms of the plea in an attempt to imprison her," and "did not take into consideration Plaintiff's physical or mental condition at the time of sentencing." (*Id*. ¶¶ 140–42.) The remaining factual allegations do not shed any more light on a plausible connection between MCAP and the State of Arizona. (*See id*. ¶¶ 74, 83, 86–103.) Thus the conspiracy claim must be dismissed. Accordingly, we dismiss the complaint and instruct Manning to file an amended complaint by May 15, 2012.

## II. Motion for Appointment of Counsel

We also deny Manning's motion for appointment of counsel. The motion does not demonstrate that she exhausted the search for counsel. For us to grant a motion for appointment of counsel, the litigant must: (1) make a reasonable attempt to obtain private counsel, *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995), and (2) appear incapable of proceeding without representation, *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). *See also Pruitt v. Mote*, 503 F.3d 647, 655–58 (7th Cir. 2007); *Johnson v. Doughty*, 433 F.3d 1001, 1006–09 (7th Cir. 2006). As part of this showing, we typically require a litigant to submit documentation that demonstrates the refusal of various attorneys to accept the case. Manning, however, did not support her motion by attaching copies of any solicitation letters or other documentation. *See Benford v. Cahill-Masching*, No. 03 C 2643, 2003 WL 22669036, at *1 (N.D. Ill. Nov. 10, 2003). While Manning claims that she contacted three attorneys and Pre-Paid Legal of Illinois, we do not believe this meager effort is reasonable under the circumstances. Even if she can later

assert a claim upon which relief can be granted, Manning must make a serious effort to obtain private counsel before we will consider appointing her a lawyer.

## CONCLUSION

For the reasons set forth above, we deny Manning's application to proceed *in forma pauperis* and motion for appointment of counsel, without prejudice. It is so ordered.

 Marvin E. Aspen
 United States District Judge

Dated: Chicago, Illinois
 April 9, 2012